The judgment is reversed, and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

## HARDING v. FIRST FINANCE CORPORATION.

### No. 8880.

Court of Civil Appeals of Texas. San Antonio.

Oct. 26, 1932.

Jesse G. Foster, of Raymondville, for appellant.

Davis E. Decker, of Raymondville, for appellee.

FLY, C. J.

This suit was instituted by appellee against appellant to recover on a promissory note in the sum of $8,040.45, and to foreclose a lien on certain lots in the town of Raymondville. The cause was heard by the court, without a jury, and judgment was rendered in favor of appellee for the amount of the note, $8,040.45 principal, $1,043.38 interest, and $908.37 attorney's fees, making a total of $9,992.20, and a foreclosure of the lien upon the lots in Raymondville.

The following facts found by the trial judge are adopted:

"The defendant, W. A. Harding, made, executed and delivered to Davis E. Decker, the note described in plaintiff's petition, and the consideration for said note was valuable and has not failed.

"Defendant, W. A. Harding, made, executed and delivered to the said Davis E. Decker, the Trust Deed described in plaintiff's petition for the purpose of securing the payment of said note.

"Said Davis E. Decker, before the maturity of said note, assigned, transferred and conveyed said note, together with the Trust Deed Lien securing the payment thereof, to the plaintiff, the First Finance Corporation. The said plaintiff paid to the said Davis E. Decker a valuable consideration for said note and lien, and is now the legal owner and holder of said note and lien, and same has not been paid the defendant or any one else."

The findings are supported by the statement of facts.

The court found that the note was transferred by Decker before maturity and for a valuable consideration. We overrule the first proposition which states that the note was transferred to appellee after maturity. This finding also disposes of the second, third, and fourth propositions. Appellee was an innocent purchaser of the note, before maturity, for value.

The judgment is affirmed.